IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THADDEUS JIMENEZ, Inmate #K51114,   )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )
                                    )   CIVIL NO. 05-542-JLF
THOMAS A. DUVALL, SCOTT T. MINH,    )
ANDREW N. WILSON, DEBBIE            )
MIDDENDORF, and EUGENE M.           )
McADORY,                            )
                                    )
        Defendants.                 )

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against defendant Duvall for confiscation of Plaintiff's personal property, in violation of the Fourth Amendment.

**COUNT 2:** Against defendants Minh and Wilson for denying Plaintiff a fair disciplinary hearing, in violation of due process.

>    **COUNT 3:**   Against unspecified defendants for cruel and unusual conditions of confinement in the segregation unit at Menard Correctional Center.
>
>    **COUNT 4:**   Against defendants Middendorf and McAdory for failing to respond to his grievances.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

>    (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>    (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>        (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>        (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff states that on July 30, 2003, while he was out of his cell, Defendant Duvall, an internal affairs officer, entered his cell at the Menard Correctional Center and confiscated five family photographs. Plaintiff seeks their return.

The only constitutional right that might be implicated by these facts is plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state

provides an adequate remedy, plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, plaintiff has no claim under Section 1983. Accordingly, this claim is **DISMISSED with prejudice** from the action. *See* 28 U.S.C. § 1915A.

### COUNT 2

After the photos were confiscated, Defendant Duvall filed a disciplinary report charging Plaintiff with unauthorized organizational activity. According to the report, some individuals in the photographs were known gang members and were posed displaying gang signs. At the disciplinary hearing, Plaintiff was found guilty of the charges and was punished with two months placement in disciplinary segregation, given a two-month demotion to C grade, and lost commissary privileges for two months. Plaintiff states that he was denied due process in that proceeding.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

A prisoner has no protected liberty interest in remaining in the general population, in maintaining a status grade, or in commissary privileges. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship; no protected liberty interest in demotion to C-grade status and loss of commissary privileges); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Without the deprivation of a liberty interest, Plaintiff has no due process claim.

Plaintiff describes in detail the conditions in segregation, the Court assumes for the purpose of attempting to establish that the conditions pose an atypical and significant hardship and therefore that Plaintiff was therefore denied a liberty interest. Plaintiff states that the two-man segregation cells are small (approximately 4 feet by 10 feet), and each is equipped with a commode, sink, faucet, desk, and two beds stacked on top of each other. The upper bunk is only three feet below the ceiling, making it difficult to sit up in bed. It is difficult for two men to stand up in the cell at the same time. There is no space to eat, write, or do any activity in the cell, except when sitting in bed. Because the cells are so small, the inmates in a two-man cell have no privacy while using the toilet or sink. Furthermore, the ventilation ducts into the cells do not work and therefore the cells are not properly ventilated, making conditions unbearable, particularly in the summer. Inmates are confined to these cells in these conditions for 24 hours per day for six days a week with only one 5-hour recreation period each week. Inmates are allowed only one shower each week.

The Seventh Circuit has consistently held that conditions in segregation in the Illinois Department of Corrections do not impose an atypical and significant hardship on an inmate. *See,*

*e.g., Lekas v. Briley*, 405 F.3d 602, 610-13 (7th Cir. 2005); *Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997); *Williams v. Ramos*, 71 F.3d 1246, 1249 (7th Cir. 1995); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995). The reasoning behind these decisions is simple:

> [U]nder *Sandin* the key comparison is between *disciplinary* segregation and *nondisciplinary* segregation rather than between disciplinary segregation and the general prison population.

*Lekas*, 405 F.3d at 609 (quoting *Wagner*, 128 F.3d at 1175, emphasis added). It is clear from these opinions that the conditions complained of in the instant case do not rise to the level of an atypical and significant hardship, and therefore Plaintiff has not stated a viable claim regarding deprivation of a protected liberty interest. Accordingly, this claim is **DISMISSED with prejudice** from the action. *See* 28 U.S.C. § 1915A.

## COUNT 3

Because it is not completely clear, the Court also construes Plaintiff's allegations regarding the conditions in segregation (specified above) to state a claim of cruel and unusual punishment under the Eighth Amendment. In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* Regardless of whether the conditions described deny "the minimal civilized measure of life's necessities," the allegations do not state a claim under the Eighth Amendment because Plaintiff does not make any

allegations regarding the subjective element. As a result, Plaintiff has not stated a claim. Accordingly, this claim is **DISMISSED with prejudice** from the action. *See* 28 U.S.C. § 1915A.

**COUNT 4**

Plaintiff states that Defendants Middendorf and McAdory did not respond to or unjustifiably denied grievances he filed complaining about the events described in Counts 1, 2, and 3.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Based on these standards, Plaintiff has not stated a claim for relief under section 1983. Accordingly, this claim is **DISMISSED with prejudice** from the action. *See* 28 U.S.C. § 1915A.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**
**DATED: January 17, 2006.**

                                    *s/ James L. Foreman*
                                      **DISTRICT JUDGE**